**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ERIC GRIFFIN,**

    Petitioner,

v.                                                                             **No. 4:06cv95/WS/MD**

**JAMES R. MCDONOUGH,**

    Respondent.

_____

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1). Respondent has filed a response (doc. 14). Petitioner has not replied despite having been given leave to do so (doc. 4). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

On August 27, 2003, petitioner pleaded *nolo contendere* in the Circuit Court of Gadsden County, Florida to sale of a controlled substance, possession of a firearm by a convicted felon, and possession of a controlled substance with intent to sell. He was adjudicated guilty and was sentenced to forty-eight (48) months of

imprisonment to be followed by forty-eight (48) months of probation on each count, to run concurrently, with credit for time served (ex. A). He has been released from imprisonment, but is still serving the felony probation sentence. http://www.dc.state.fl.us/InmateReleases/detail.asp?Bookmark=1&From=list&SessionID=1052083847.

On August 5, 2004, petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (doc. 5, ex. B),[1] which he amended on December 9, 2004 (ex. C). While that motion was pending, he filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a) on January 14, 2005 (ex. D). On April 22, 2005, the trial court issued orders denying both the 3.850 and the 3.800(a) motions (exs. E, F). Petitioner appealed the denial of both motions to the First District Court of Appeal of Florida (ex. G). His appeals were unsuccessful, with the appellate court affirming, after motions for rehearing, without opinion in each case (exs. L, N, O, S, T, U).

On February 22, 2006, petitioner filed the instant petition seeking federal habeas relief. Respondent concedes that the petition is timely (doc. 14, p. 5). Respondent does not concede that all the issues raised here have been properly exhausted.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective

---

[1] Hereafter all references to exhibits will be to doc. 5 unless otherwise noted.

Case No: 4:06cv95/WS/MD

Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines

it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Id.,* 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set

forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable."  *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521.  Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued.  *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra,* 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be

subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting that the

new statute places a heavier burden on petitioner to overcome the presumption of factual correctness).

## ADDITIONAL RELEVANT LEGAL STANDARDS

**Ineffective assistance of counsel.**

Each of the grounds raised in the instant petition is based on a claim of ineffective assistance of counsel. In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*). In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler* at 1314. "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc). Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate

> ineffectiveness. *Chandler* at 1314 (footnote omitted). Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment.

*Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S.Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

<u>Exhaustion and default.</u>

Respondent here contends that some of the grounds petitioner now raises were not properly exhausted in the state courts. It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted

available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for

---

[2] Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

relief.

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579

(11th Cir. 1995). However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion." *Judd*, 250 F.3d at 1318, or in a manifestly unfair manner, *Ford v. Georgia*, 498 U.S. 411, 424-425, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.* Petitioner's federal habeas petition will be reviewed in light of all the foregoing legal standards.

## PETITIONER'S GROUNDS FOR RELIEF

**1. and 2.    Ineffective assistance of counsel - failure to raise speedy trial defense.**

Petitioner contends that his attorney's performance was deficient when he failed to file a demand for speedy trial and failed to object to a purported speedy trial violation. This claim must fail because it is based on a false premise. Petitioner contended in his 3.850 motion, and contends here, that he was arrested on February 27, 2003, which means that the state speedy trial time ran before he entered his plea. He argues that if counsel had raised a speedy trial defense, he would have been released.

This claim was presented to the state court and rejected as being factually unsupported. The Rule 3.850 court found that petitioner had not been arrested on the date he claimed, but on July 19, 2003. Since he entered his plea on August 27, 2003, a mere five weeks after his arrest, the fifty day period (after a demand for speedy trial has been demanded) set out in Fla. R. Crim. P. 3.191(b) clearly had not run.

**Federal Review of State Court Decision**

The trial court found as fact that petitioner was arrested on these charges in case no. 03-559, the only case at issue here, on July 19, 2003 (doc. 15, ex. CC, p. 79). Attached to the order is a copy of the arrest warrant, showing clearly that petitioner was indeed arrested in that case on that date (doc. 15, ex. CC, p. 83). There is no proof to the contrary anywhere in the record. This court must show deference to any fact finding by the state court unless that finding is objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell, supra.* The state court's finding was fully supported by the record, and its ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams,*

*Case No: 4:06cv95/WS/MD*

*supra*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

> 3. **Ineffective assistance of counsel - allowing petitioner to plead in violation of protection against double jeopardy.**

Petitioner next contends that he could not be convicted of sale of a controlled substance and possession of a controlled substance with intent to sell, since they are identical crimes. The Rule 3.850 court rejected this claim in denying petitioner's motion for post-conviction relief (doc. 15, ex. CC, p. 30), holding that it is well settled in Florida that these two crimes are distinct, even when they involve the same quantity of a controlled substance, citing *State v. McCloud*, 577 So.2d 939 (Fla. 1991) and *Preston v. State*, 672 So.2d 897 (Fla. 1st DCA 1996).

**Federal Review of State Court Decision**

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306, 104 S.Ct. 1805, 1812, 80 L.Ed.2d 311 (1984). This guarantee is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Double Jeopardy Clause embodies three separate guarantees: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices*, 466 U.S. at 307-08, 104 S.Ct. at 1812 (citation and footnote omitted). "[T]he bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence." *Ohio v. Johnson*, 467 U.S. 493, 498-99, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984) (citations omitted).

In the contexts of both multiple punishment and successive prosecution, the double jeopardy bar applies if the two offenses for which the defendant is punished or tried cannot survive the "same-elements" or "*Blockburger*" test. *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).  This test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696, 113 S.Ct. at 2856. Although this court will decide under federal law whether a double jeopardy violation has occurred, it must accept Florida courts' interpretation of that state's own statutes.  *Tarpley v. Dugger*, 841 F.2d 359, 364 (11th Cir. 1988) (citing *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.ct. 673, 679, 74 L.Ed.2d 535 (1983)).

Petitioner's claim here must fail.  Under the *Blockburger* test,  each offense - sale of cocaine and possession with intent to sell cocaine - must contain an element not contained in the other.  The Supreme Court of Florida addressed this exact question in *State v. McCloud, supra,* and held that the first charge - sale - is not contained in the second, and that the second charge - possession - is not contained in the first, reasoning that a person can sell a drug without possessing it.  The court noted that the Florida Legislature had codified the *Blockburger* test at Fla. Stat. § 775.021(4) which provides, in relevant part:

> **Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses . . . shall be sentenced separately for each criminal offense. . . .  For purposes of this subsection, *offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.***

(Emphasis added).  The court further reasoned that it made no difference that Mr. McCloud was convicted of selling and possessing with intent to sell the same

quantum of drugs - exactly as petitioner did here - because of the statute makes possession and sale separate offenses without regard to whether the drug was sold without being possessed.  That is, a person can possess a drug with the intent to sell it, and a person can sell a drug without ever possessing it, so under *Blockburger* there is no double jeopardy.

Petitioner's argument that the state court unreasonably applied *Strickland* obviously depends upon this court determining counsel's performance was deficient, but first this court would have to conclude that the state court misinterpreted state law.  In *Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338 (11th Cir. 2005) and *Callahan v. Campbell*, 427 F.3d 897 (11th Cir. 2005), the Eleventh Circuit addressed similar issues.  In *Herring*, the petitioner argued his counsel was ineffective for failing to make an objection, based on state law, to the introduction of non-statutory aggravating evidence at the penalty phase of his trial.  *Id.* at 1354-55.  The Florida Supreme Court concluded that the proposed objection would have been overruled and therefore counsel was not deficient.  *Id.*  The Eleventh Circuit held: "The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . .  It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'" *Id.* (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Similarly, in *Callahan*, the petitioner contended his counsel was ineffective for failing to argue that, based on the Alabama state courts' interpretation of the Double Jeopardy Clause in three state court cases (*Hull v. State*, 607 So.2d 369 (Ala. Crim. App. 1992), *Ex parte Hergott*, 588 So.2d 911 (Ala. 1991), and *Ex parte Callahan*, 471 So.2d 463 (Ala. 1985) (*Callahan I*)), the introduction of petitioner's statements at his second trial was precluded.  The Alabama Court of Criminal Appeals concluded that

the petitioner's claim relied on an erroneous interpretation of state law and rejected it. The Eleventh Circuit held:

> [T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on *Callahan I*, *Hull*, and *Hergott* -- the objection would have been overruled. *Callahan* [*v. State*], 767 So.2d [380,] 386-87 [(Ala. Crim. App. 1999)] (*Callahan III*). Therefore, [petitioner's counsel] was not ineffective for failing to make that objection.
>
> Moreover, we are convinced [petitioner] could not satisfy the prejudice prong of *Strickland*. [Petitioner's] ability to demonstrate prejudice is again foreclosed by the state court's decision in *Callahan III*. Even if [petitioner's counsel] was ineffective for failing to make the objection, the state court has told us that if he did make the objection it would not have been successful. [Petitioner] cannot be prejudiced by his counsel's failure to make a losing objection.

427 F.3d at 932.

Here, as in *Herring* and *Callahan*, the state courts have answered the question of what would have happened had petitioner's counsel raised a double jeopardy claim - the objection would have been overruled. Therefore, counsel cannot be faulted for having failed to raise the issue. And since counsel would have failed had he acted as petitioner demands, petitioner cannot show prejudice. Therefore, the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

    4. <u>Ineffective assistance of counsel - allowing plea where element of crime missing from charging information.</u>

Petitioner next contends that his attorney should not have let him plead to the felon-in-possession charge because the charging information was defective in failing to state the date of his prior felony conviction. This claim must fail. First, it

was not exhausted. Petitioner raised the issue in his motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, and the trial court rejected the claim (doc. 15, ex. AA, pp. 12-15), but petitioner did not raise the issue when he appealed the order of denial (ex. H, pp. 1-4). He therefore failed to exhaust his claim in the state court and is procedurally defaulted because it is too late for him to return to the state appellate court to present the issue. He has not made the requisite showings to excuse his default, and the claim is procedurally barred. This court should not consider the claim.

If the court were to consider it, the claim should be found to be without merit. The Rule 3.850 court held that the information tracked the exact language of the applicable statute, Fla. Stat. § 790.23(a), and that the date of the prior conviction is not an essential element of the crime that must be contained in the Information. Whether the charging information was legally sufficient is a matter of state law. Since this court must defer to the state court on the interpretation of its own law, *Herring, supra, Callahan, supra*, there was no valid objection to the charging information that petitioner's counsel could have made. And since there was no valid objection to make, counsel cannot be faulted for failing to make it. Therefore, to the extent that petitioner initially raised this claim in the Rule 3.850 court, that court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

    5. <u>Ineffective assistance of counsel - failure to investigate.</u>

Finally, petitioner contends that his attorney failed to investigate the facts. He seems to argue that had counsel investigated, he would have found grounds for a motion to suppress. Again, this claim must fail because it was not exhausted. It was not even presented to the state court in petitioner's motion for post-conviction

relief.  It is too late for petitioner to present the issue now, so the claim is procedurally defaulted.  Petitioner has not made the requisite showings to excuse his default, and the claim is procedurally barred.  This court should not consider the claim.

If the court were to consider the claim, it should be rejected.  Beyond making some conclusory statements about some recorded drug transactions that counsel should have reviewed, petitioner has totally failed to inform this court as to what his attorney would have found if he had done as petitioner demands.  His claim also fails to state that, but for counsel's failure, he would have refused to plead.  Petitioner has totally failed to show deficient performance on counsel's part, or prejudice, and he is not entitled to federal habeas relief on this ground.

Accordingly, it is respectfully RECOMMENDED that the Title 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Eric Griffin* in the Circuit Court of Gadsden County, Florida, case no. 03-559, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of December, 2007.

/s/ *Miles Davis*
   **MILES DAVIS**
   **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 4:06cv95/WS/MD